IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *GABRIEL BROWN*, | ) |
|     Plaintiff, | ) |
| | ) |
| *v.* | ) |
| | ) |
| *WELTMAN, WEINBERG & REIS CO., L.P.A.* | ) |
|     Defendant. | ) |

## COMPLAINT

Plaintiff Gabriel Brown, by her counsel, Paúl Camarena, respectfully complains as follows:

### Introduction.

1) The Fair Debt Collection Practices Act and its progeny provide that, when a debt collector seeks payment from a consumer for a debt that is time-barred, the debt collector must disclose to the consumer that the debt is so old that the creditor cannot sue. In the instant case, Debt Collector-Defendant Weltman, Weinberg & Reis Co., L.P.A. sought payment from Ms. Gabriel Brown for a debt, but failed to disclose to her that, because the debt was so old, the creditor could not sue or report the debt to a credit reporting agency. Thus, Defendant Weltman, Weinberg & Reis Co. violated the FDCPA.

### Jurisdiction and Venue.

2) Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction over this case because this case arises under the laws of the United States. Pursuant to 28 U.S.C. § 1391(b)(2), the Northern District of Illinois, Eastern Division, is the proper venue because a substantial part of the events and omissions giving rise to this action occurred within the Eastern Division.

**Parties.**

3) Plaintiff Gabriel Brown is a "consumer" as that term is defined in the Fair Debt Collection Practices Act in 15 U.S.C. § 1692a(3); and Ms. Gabriel Brown resides within the Eastern Division.

4) Defendant Weltman, Weinberg & Reis Co., L.P.A. is a "debt collector" as that term is defined in the Fair Debt Collection Practices Act in 15 U.S.C. § 1692a(6).

5) Defendant Weltman, Weinberg & Reis Co., L.P.A. is also a corporation incorporated in the State of Ohio and authorized to transact business in Illinois.

**Factual Allegations.**

6) In the early 2000's, Citibank (South Dakota), N.A. advanced a loan to Ms. Gabriel Brown.

7) However, Ms. Brown struggled to repay this debt and eventually she defaulted on the debt.

8) Just days ago, Defendant Weltman, Weinberg & Reis Co. forwarded a letter urging Ms. Brown to use her tax refund to pay this debt. Defendant Weltman, Weinberg & Reis' letter did not state that the debt was so old that the creditor could not sue or even report the debt to a credit reporting agency.

9) After Ms. Brown received this letter, she became concerned about this liability and its consequences, and she interrupted her self-employment work time to scour her records to determine that, in fact, she had defaulted on this debt well over a decade ago. Had Defendant Weltman, Weinberg's letter stated that the debt was too old to sue on or to report on, Ms. Brown would have simply discarded the letter.

10) Defendant Weltman's failure to disclose that the debt was time-barred caused actual

injury to Ms. Brown because Defendant Weltman's failure, *inter alia*, caused Ms. Brown to interrupt her self-employment work time to scour her records.

## Cause of Action.

### Count One

11) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692e, provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Subsection 1692e(10) specifically prohibits debt collectors to "use [ ] any false representation or deceptive means to collect or attempt to collect any debt." A debt collector's "letter is deceptive [when] it does not tell the consumer that the debt is time-barred and defendant cannot sue plaintiff to collect it." *Pantoja v. Portfolio Recovery Associates*, 78 F.Supp. 3d 743, 746 (N.D.Ill. 2015), *aff'd*, *Pantoja v. Portfolio Recovery Associates*, 852 F.3d 679 (7th Cir. 2017).

12) Defendant Weltman violated Subsection 1692e(10) by sending a letter that did "not tell the consumer that the debt is time-barred and defendant cannot sue plaintiff to collect it."

## Prayer for Relief.

WHEREFORE, Gabriel Brown prays that this Court holds a trial by jury and enters judgment in her favor (and against Defendant Weltman) for her actual damages, statutory damages, and reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k(a).

Respectfully submitted,
Plaintiff's, Gabriel Brown's, Counsel
North & Sedgwick, L.L.C.
by: */s/ Paúl Camarena* .
Paúl Camarena, Esq.
500 So. Clinton, No. 132
Chicago, IL 60607
paulcamarena@paulcamarena.com
(312) 493-7494