**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **GABRIEL BROWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 21 C 1120** |
| | ) | |
| **WELTMAN, WEINBERG** | ) | |
| **& REIS CO., L.P.A.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

MATTHEW F. KENNELLY, District Judge:

Gabriel Brown has sued Weltman, Weinberg & Reis Co., a law firm (and in this case a debt collector), under the Fair Debt Collection Practices Act. Brown's claim involves a debt she owed to Citibank arising from a loan it made to her in the early 2000s. Brown struggled to repay the loan and eventually defaulted. Brown's complaint alleges that in early 2021, Weltman sent her a collection letter. Brown alleges that the letter "did not state that the debt was so old that the creditor could not sue or even report the debt to a credit reporting agency." Compl. ¶ 8. She alleges that the letter was false and deceptive and therefore violated the FDCPA, specifically 15 U.S.C. § 1692e(10).

Brown alleges in her complaint that after getting Weltman's collection letter, "she became concerned about this liability and its consequences, and she interrupted her self-employment work time to scour her records to determine that, in fact, she had defaulted on this debt well over a decade [earlier]." Compl. ¶ 9. If Weltman's letter had

"stated that the debt was too old to sue on or report on," Brown alleges, she "would have simply discarded the letter." *Id.*

Weltman has moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). It argues, first, that Brown has failed to sufficiently allege a concrete injury that provides her with standing to sue in federal court under Article III of the Constitution. Weltman also argues that Brown has failed to plausibly allege that the collection letter was false or deceptive.

<strong>Discussion</strong>

**1.      Standing**

Weltman first challenges Brown's standing by way of a motion to dismiss under Rule 12(b)(1). To establish Article III standing, a plaintiff must show that: (1) she "has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) her "injury is fairly traceable to the challenged action of the defendant"; and (3) "it is likely, as opposed to merely speculative, that [her] injury will be redressed by a favorable decision." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (internal quotation marks omitted).

The first question is whether Weltman is making a factual or a facial challenge to Brown's standing. In a facial challenge, the defendant argues that the plaintiff has insufficiently alleged a basis for subject matter jurisdiction. *Id.* In considering a facial challenge, the Court takes as true the complaint's factual allegations relating to standing and draws reasonable inferences in the plaintiff's favor. *Id.*

In a factual challenge, the defendant contends that "the complaint is formally sufficient but . . . that there is *in fact* no subject matter jurisdiction." *Apex Digital, Inc. v.*

2

*Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (internal quotation marks omitted). When weighing factual challenges, a court looks past "the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (internal quotation marks omitted). A plaintiff undergoing a factual challenge to standing must establish standing by a preponderance of the evidence. *See Kathrein v. City of Evanston*, 636 F.3d 906, 914 (7th Cir. 2011).

In this case, Weltman does not say whether it is making a facial or a factual challenge to Brown's standing, but it appears to be a facial challenge. Weltman has included a number of exhibits with its motion to dismiss, but none of them appear to involve Brown's claimed injury or its connection to the alleged FDCPA violation. Rather, the exhibits are offered in support of the contention that Brown has not stated a viable FDCPA claim. The Court will therefore treat this as a facial challenge to Brown's standing.

Weltman argues that Brown has failed to articulate an injury that the law recognizes as concrete. It relies primarily on a series of relatively recent Seventh Circuit decisions in FDCPA cases in which the court has concluded that confusion from a collection letter; annoyance or intimidation; stress without any physical manifestation and without a qualified diagnosis of physical harm; or hiring a lawyer do not qualify as concrete injuries for purposes of standing. *See* Def.'s Mem. in Support of Mot. to Dismiss at 4-6 (citing, among other cases, *Pernell v. Global Trust Mgmt., LLC*, 990 F.3d 1041 (7th Cir. 2021); *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069 (7th Cir. 2020); *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067 (7th Cir. 2020);

*Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060 (7th Cir. 2020)).

Brown, however, alleges an actual economic detriment caused by her receipt of Weltman's allegedly misleading collection letter. Specifically, she alleges that she had to take time away from her self-employment work to scour her records to attempt to get to the bottom of the claims about her debt made in the letter. *See* Compl. ¶ 10. Brown also alleges that if the letter had said that the debt was too old to sue or report on, she would have simply discarded it, *id.* ¶ 9, in other words, she would not have spent any of her self-employment work time investigating. It is a reasonable and plausible inference from Brown's allegations that she actually lost money—income she otherwise would have earned from self-employment—as a result of her receipt of Weltman's collection letter. This economic harm differentiates Brown's case from the intangible harm in the cases relied upon by Weltman and suffices as an allegation of concrete injury for purposes of Article III standing.

**2.     Sufficiency of Brown's FDCPA claim**

In considering Weltman's motion to dismiss for failure to state a claim, the Court takes as true Brown's well-pleaded factual allegations and draw all reasonable inferences in her favor. *See, e.g., Johnson v. Enhanced Recovery Co.*, 961 F.3d 975, 9801 (7th Cir. 2020). The plaintiff's complaint must state a claim for relief that is plausible on its face. *See, e.g., St. John v. Cach, LLC*, 822 F.3d 388, 389 (7th Cir. 2016). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

The basic thrust of Weltman's argument is that Brown has the facts surrounding

4

the collection letter wrong, and if they are viewed correctly, she has no viable claim.

Ordinarily this sort of argument would be a non-starter on a motion to dismiss for failure

to state a claim, given the requirement to take the plaintiff's factual allegations as true

for purposes of the motion.  Furthermore, Weltman supports its argument with reference

to evidence outside the pleadings, including the collection letter and documents from a

state-court lawsuit against Brown.  Generally speaking, a court may not consider

extrinsic evidence on a Rule 12(b)(6) motion without converting it to a motion for

summary judgment.  *See, e.g., Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th

Cir. 2018).  But when a document is referenced in the complaint and central to the

plaintiff's claims—which is certainly the case for the collection letter—a court may

consider it in ruling on a motion to dismiss.  *Id.*  In addition, a court considering a Rule

12(b)(6) motion may "take judicial notice of court filings and other matters of public

record when the accuracy of those documents reasonably cannot be questioned."

*Parungao v. Cmty. Health Sys.*, 858 F.3d 452, 457 (7th Cir. 2017).  That is the case

here with regard to the state-court documents Weltman offers.  The Court also notes

that Brown makes no objection to the Court's consideration of these materials.

With these principles in mind, the Court proceeds ahead.  First of all, it is

apparent from the evidence submitted by Weltman that at the time of the collection

letter, Brown's Citibank debt had already been reduced to a judgment against her.

Specifically, in 2012, LVNV Funding, Inc., to which Brown's Citibank account had been

assigned, sued her in state court—with Weltman appearing as LVNV's counsel.  LVNV's

complaint alleged an amount due of $1,529.26, consisting of principal in the amount of

$1,366.58 plus accrued interest in the amount of $162.68.  Def.'s Mem. in Support of

Mot. to Dismiss, Ex. A.  On October 23, 2012, an *ex parte* default judgment was entered

in favor of LVNV and against Brown for $1529.26, plus costs in an unspecified amount.

*Id.*, Ex B.  A little over eight years later, on January 27, 2021, Weltman sent Brown the

collection letter at issue in this case.  The letter identified the original creditor as

Citibank and the current creditor as LVNV, and it reported a balance due of $3,250.73;

the Court has not been provided information on how this amount was calculated.  The

letter stated as follows:

> Please be advised that the above referenced account has been placed
> with us to collect the outstanding balance due and owing on this account
> to the current creditor referenced above.  Perhaps you already spoke to a
> collection representative who reviewed this matter with you, or maybe you
> have not yet called us to discuss payment options.  In any event, it is the
> current creditor's desire to resolve this matter timely and amicably without
> further collection efforts.

> During this tax season, we invite you to call us toll free at 877-205-1457 to
> discuss utilizing your income tax return as a source of funds to satisfy this
> obligation for a reduced amount.  We would like to offer you an opportunity
> to settle this matter by speaking with a collection representative.

> Thank you for your anticipated willingness to resolve this matter.  This
> communication is from a debt collector attempting to collect this debt for
> the current creditor and any information obtained will be used for that
> purpose.

> Sincerely,

> Weltman, Weinberg & Reis Co., L.P.A.

*Id.*, Ex. C.

Brown alleges in her complaint that the letter was misleading because it

"did not state that the debt was so old that the creditor could not sue or even

report the debt to a credit reporting agency."  Compl. ¶ 8.  Weltman argues that

the contention that the debt was too old to collect is untrue, because it was suing

6

on a judgment, not the underlying debt, and (it says) "There is no 'statute of limitations' on a judgment."  Def.'s Mem. in Support of Mot. to Dismiss at 7.  The Court is not sure that's right.  An Illinois statute provides that "[e]xcept as herein provided, no judgment shall be enforced after the expiration of 7 years from the time the same is rendered, except upon the revival of the same by a proceeding provided by Section 2-1601 of this Act."  735 ILCS 5/12-108(a).  And nothing "herein"—that is, in the statute—offers an exception that would appear to apply to the judgment LVNV had obtained against Brown.  Unless the Court is missing something, the judgment *was* too old to enforce as of the date of the collection letter, because there is no indication in Weltman's submissions that the judgment, which was over eight years old, had been revived.

If the judgment was too old to enforce, Brown has a plausible claim that Weltman's January 2021 collection letter was misleading and deceptive.  In *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014), the Seventh Circuit considered dunning letters regarding time-barred debts.  The court said that "a debt collector violates the FDCPA when it misleads an unsophisticated consumer to believe that a time-barred debt is legally enforceable, regardless of whether litigation is threatened . . . ."  *Id.* at 1020.  That is arguably the situation here:  Weltman's letter refers to the debt as "the outstanding balance due and owing" and specifically references the possibility of "further collection efforts" if the debtor does not pay up.  And as in *McMahon*, an unsophisticated consumer might read the letter's use of the phrase "settle this matter" as suggesting the possibility of a lawsuit or other legal proceedings.  *See id.* at 1022 ("[W]e

7

conclude that an unsophisticated consumer could be misled by a dunning letter for a time-barred debt, especially a letter that uses the term 'settle' or 'settlement.'").

Even if, however, Weltman is right and the judgment was not too old to enforce, Brown still has a plausible claim, though arguably a weaker one. She alleges in her complaint that the debt, even if not too old to enforce, was too old to report to credit reporting agencies. The Fair Credit Reporting Act prohibits a credit reporting agency from reporting any adverse information (other than a criminal conviction) "which antedates the report by more than seven years." 15 U.S.C. § 1681c(a)(5). Thus the debt at issue here could not be reported on a credit report about Brown. The potential effect of a debt on one's credit rating could be a significant factor to an unsophisticated (or even a somewhat sophisticated) consumer. As the Court has indicated, Weltman's letter suggested that the debt was a current one and thus, implicitly, one that could be listed on a credit report about Brown. It is certainly plausible for Brown to maintain, as she alleges, that a collection letter urging the recipient to use her current tax refund to pay a debt that was, in fact, so old that it could not be included in a credit report would be misleading to an unsophisticated consumer. "The language of a collection letter can be literally true and still be misleading in a way that violates the [FDCPA]." *Heredia v. Capital Mgmt. Servs., L.P.*, 942 F.3d 811, 814 (7th Cir. 2019).

In this regard, the Court emphasizes, as the Seventh Circuit has repeatedly stated, that "complaints alleging misleading communications under § 1692e are rarely

subject to dismissal for failure to state a claim because in this circuit, whether a communication is false, deceptive, or misleading under the FDCPA is a question of fact." *Johnson*, 961 F.3d at 980 (7th Cir. 2020) (collecting cases); *see also, e.g., McMillan v. Collection Prof'ls Inc.*, 455 F.3d 754, 760 (7th Cir. 2006) (inquiries under § 1692e "are necessarily fact bound"). Dismissal under Rule 12(b)(6) is appropriate only "when it is clear from the face of the communication that no reasonable person, however unsophisticated, would be deceived by the allegedly false or misleading statement," *Johnson*, 961 F.3d at 980-81, and the Court is not persuaded that such is the case here.

### Conclusion

For these reasons, the Court denies defendant's motion to dismiss [dkt. no. 9] and directs defendant to answer plaintiff's complaint by no later than September 22, 2021. Both sides' Rule 26(a)(1) disclosures are due by that same date. The case is set for a status hearing on October 6, 2021 at 9:10 a.m. for the purpose of setting a discovery and pretrial schedule and discussing the possibility of settlement. A joint status report covering these points is to be filed on September 29, 2021. The status hearing will be conducted by telephone using call-in number 888-684-8852, access code 746-1053. Counsel should wait for the case to be called before announcing themselves.

Date: September 1, 2021

MATTHEW F. KENNELLY
United States District Judge

9